DICKINSON, Justice,
dissenting:
¶ 24. The contract unambiguously makes TCI’s obligation to close contingent upon its obtaining subjectively satisfactory financing. TCI submitted an affidavit stating that it was unable to do so, and the Sweets neither disputed the affidavit nor alleged bad faith. In my view, under these facts, the trial court did not err in granting TCI summary judgment.
¶ 25. The majority says TCI’s affidavit amounted to a conclusory, self-serving statement. A statement is conclusory if it “[e]xpress[es] a factual inference without stating the underlying facts on which the inference is based.”[3] Paragraph 4 of Small’s affidavit reads “[TCI] attempted to obtain financing satisfactory to it from numerous financial institutions ... [and was] unable to do so.” That is a statement of fact, not a conclusion. “Peas don’t taste good” is a conclusory statement. But “I have eaten peas and I don’t like peas” is a statement of fact. TCI’s sworn statement that it unsuccessfully had attempted to obtain satisfactory financing from numerous financial institutions is a statement of fact — uncontradicted in the record. Accordingly, I would affirm the chancellor.
RANDOLPH, J., JOINS THIS OPINION.

. Black’s Law Dictionary 244 (8th ed.2005).